### THE CITY BANK OF SHERMAN v. D. D. DUGAN.
#### No. 125.

**Breach of Warranty in Deed—Erroneous Charge.**—The bank sued Dugan for damages for breach of covenant of warranty in a deed. Judgment had been rendered against the bank in a former suit brought by it for recovery of the land. The bank alleged that it gave Dugan notice of the pendency of the former suit, and of the defense set up therein, requested him to appear and defend the title to the land, and that he failed to do so. The issues made by the pleadings and evidence in this suit were as to whether the bank gave Dugan notice to appear and defend the former suit in a reasonable time, and as to whether the bank in that suit had been ousted by a superior title. *Held*, the charge which, in effect, made the bank's right to recover upon the warranty depend solely upon whether it gave Dugan reasonable notice to appear and defend the former suit, and cut off the jury from considering the other issue if they found that such notice was not given, was error.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*E. C. McLean*, for appellant, under first assignment of errors, copied in the opinion, cited: Buchanan v. Kaufman & Runge, 65 Texas, 235; Clark v. Mumford, 62 Texas, 531; Rawle on Cov. for Title, 158, 161, 229, 231, 232; Somers v. Schmidt, 24 Wis., 419; Freem. on Judg., sec. 18; Stafford v. King, 30 Texas, 259; Bailey v. Mills, 27 Texas, 434; Penton v. Ballard, 24 Texas, 619.

*Hare, Edmundson & Hare*, for appellee.—The court did not err in the first paragraph of its charge, for that in both its original petition and in its evidence appellant based its right to recover against appellee solely and exclusively upon appellee's failure to assist in the prosecution of the Cooke County suit, in obedience to the notice served upon him by appel-

lant.    2 Black on Judg., secs. 567, 568; Rawle on Cov. for Title, 232, rule 4; Abb. Trial Ev., 519, sec. 34.

LIGHTFOOT, Chief Justice.—This suit was brought by appellant against appellee, Dugan, for $1500 and interest, for breach of covenant of warranty in a deed executed to it by appellee, November 30, 1887, for a tract of land in Cooke County.    Plaintiff alleged, that at the time of the purchase, without plaintiff's knowledge, there were parties in possession of the land claiming it as their own; that plaintiff brought suit in the District Court of Cooke County to oust them, and gave notice to its warrantor, Dugan, to appear and assist in prosecuting the suit, which he failed and refused to do.    That the case was tried at the November Term, 1890, and judgment rendered against plaintiff, whereby plaintiff "was dispossessed of said land and their said title from defendant because a nullity, void, and of no effect."    Defendant, Dugan, answered, that if plaintiff was deprived of the title and possession of said land, it was by reason of its own fault and negligence.    That he gave plaintiff a good title, and if it had lost same, it was by reason of matters which occurred since by reason of limitation; that he was not bound by his warranty to appear in the District Court of Cooke County and prosecute said suit; nor is he bound by said judgment.    That he was not legally cited to appear in said case, and that he had no reasonable notice thereof.    There was a verdict and judgment for defendant, from which this appeal was taken.

*Opinion.*—It was admitted that the suit brought by the bank in the District Court of Cooke County to recover the land was tried November 25, 1890; that plaintiff notified defendant, Dugan, at Sherman, Texas, of the pendency of the suit November 12, 1890, and of the defense set up by the defendants, and requested him to appear and defend the title to the land, and that he failed to do so.    Defendant, Dugan, testified, that he was feeding cattle at Durant, in the Indian Territory, and when he heard of the suit he went to Sherman to see about it; that Sherman was about forty miles from Gainesville, and it would take about three hours to go there; that the latter point is about one and one-half days travel from Durant; that he did not assist in the suit, because he did not think he had time to do any good.

The court in its charge to the jury, in instructing them upon the question whether Dugan had reasonable notice to appear and defend the title in the District Court of Cooke County, said: "In this connection, you are instructed, that what is a 'reasonable time' depends upon the nature and character of the thing to be done, the circumstances of the particular case, and the difficulties attending and surrounding their accomplishment. If, however, under the above definition of reasonable time, you believe that plaintiff did not give to Dugan notice to appear and defend said

suit within a reasonable time, then your verdict should be for the defendant, Dugan."

Appellant having made this one of its grounds of its motion for new trial in the court below, presents the following as its first assignment of error:

" The court erred in its first paragraph of its charge to the jury, as follows: 'If, however, under the above definition of reasonable time, you believe that plaintiff did not give to Dugan notice to appear and defend said suit within a reasonable time, then your verdict should be for defendant, Dugan:' as said portion of said paragraph of said charge makes plaintiff's right to recover depend entirely on whether the notice to defendant by plaintiff of the suit in the District Court of Cooke County was given in a reasonable time; the only effect of said notice not having been given in a reasonable time would be, that in that case defendant would not be bound by the judgment of said District Court of Cooke County, and not be to release defendant from his warranty."

The above charge complained of unquestionably makes the plaintiff's right to recover upon the warranty depend solely upon the question whether plaintiff gave Dugan reasonable notice to appear and defend the suit in Cooke County. This charge was erroneous. While the petition of the plaintiff below is vague and indefinite in its allegations, and seems to place the right of recovery entirely upon the judgment of the District Court of Cooke County, and does not allege that there was any superior title in the defendants to the suit in Cooke County, or that plaintiff was ousted by any superior title; yet defendant, Dugan, in his answer, presented the issue, that the plaintiff was defeated in the Cooke County suit by reason of its own negligence, that the title conveyed was good, and that the plaintiff by its own neglect allowed a title by limitation to mature in favor of the Cooke County claimants after the deed was made. There was evidence upon this issue and it was charged upon by the court; but the jury had already been cut off from this issue by the charge, that if reasonable notice was not given of the Cooke County suit, the jury must find for defendant.

There are other points raised in the briefs of counsel, but as they will not probably arise on another trial, they are not passed upon.

For the error of the court in the charge above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 22, 1893.